THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANGEL CHRISTOPHER ABREU,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY SHERIFF'S OFFICE et al.,<br><br>Defendants. | AMENDED MEMORANDUM DECISION AND ORDER, DISMISSING SOME DEFENDANTS AND CLAIMS, AND SCHEDULING FURTHER LITIGATION<br><br>Case No. 2:25-CV-349-DAK<br><br>District Judge Dale A. Kimball |

As a pretrial detainee, Plaintiff Angel Abreu, filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2025),[1] proceeding *in forma pauperis*, *see* 28 *id.* § 1915. (ECF Nos. 1, 10.)

Screening Plaintiff's original complaint (OC), (ECF No. 1), the Court identified deficiencies, gave guidance on curing those deficiencies, and ordered "Plaintiff to file an amended complaint curing deficiencies before further pursuing claims," (ECF No. 8, at 1). Plaintiff then filed Amended Complaint (AC). (ECF No. 13.) Having now screened AC,[2] under

---

[1]Section 1983 reads in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C.S. § 1983 (2025).

[2] *Pro se* pleadings are liberally construed, "applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). This means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

its statutory review function,³ the Court dismisses some claims and defendants and orders further litigation as to remaining claims and defendants.

## I. BACKGROUND

In their official and individual capacities, Plaintiff names the following Salt Lake County (SLC) defendants: Captain **Bennett**, corrections captain; Matthew **Dumont**, corrections chief deputy; Kenneth **Garcia**, corrections lieutenant; Captain **Green**, corrections captain; Elias **Landau**, corrections officer; Uaisele **Panisi**, physician assistant; **Paul**, "supervisor . . . to medical providers"; Suzanne **Skirvin**, corrections officer; **Todd**, "health services supervisor"; **Tammy**, "medical staff supervisor"; Michelle **Teasdale**, jail medical provider; and Doctor **Wilcox**, lead jail physician. (*Id.*)

Plaintiff alleges these defendants variously **A.** did not adequately treat his **1.** shoulder injury and related pain and **2.** chest pain that he feared was heart disease; and **B.** assaulted him, using excessive force. (*Id.*) He asserts these actions breached his federal constitutional right against cruel and unusual punishment, U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.")⁴; and his

---

³The screening statute reads:
> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2025).

⁴The Tenth Circuit holds that a pretrial detainee's claims as to conditions of confinement are controlled by the Fourteenth Amendment's Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see Hooks v. Atoki*, 983 F.3d 1193, 1203-04 (10th Cir. 2020).

state constitutional right against unnecessary rigor, Utah Const. art. 1, § 9 ("Persons arrested or imprisoned shall not be treated with unnecessary rigor."). (ECF No. 13.)

To remedy his injuries, Plaintiff requests damages, declaratory judgment, and injunctive relief. (*Id.* at 24, 27.)

## II. *SUA SPONTE* DISMISSALS FOR FAILURE TO STATE A CLAIM

### A. Standard of Review

Assessing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when--though the facts are viewed in the plaintiff's favor--the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554-55); *see also id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). Also, "[f]acts, not conclusions, must be

pleaded--'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' including where a 'legal conclusion [is] couched as a factual allegation.'" *Renaud v. Ross*, No. 1:22-CV-212, 2023 U.S. Dist. LEXIS 19808, at *8 (D. Wy. Jan. 27, 2023) (alteration in original) (quoting *Ashcroft*, 556 U.S. at 678).

As the Court reviews the sufficiency of Plaintiff's allegations, it painstakingly does so per individual defendant, per cause of action. *See Williams v. Utah Dep't of Corr.*, 928 F. 3d 1209, 1212 (10th Cir. 2019) (stating plaintiff must "explain[] which . . . prison-official defendants are liable for what improper conduct"). Indeed, § 1983 cases often include a list of defendants, like

> the government agency and a number of government actors sued in their individual capacities. . . . [I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original) (citing *Twombly*, 550 U.S. at 565 n.10). When a complaint "fails to isolate the allegedly unconstitutional acts of each defendant," the plaintiff has not carried the burden of giving "adequate notice as to the nature of the claims against each." *Id.* at 1250. For instance, when a complaint uses "the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id*.

The facts stated in each of the following sections are taken from the AC's allegations and are viewed in a light most favorable to Plaintiff. The facts are taken as true for this Order only.

### B. Legal Standards

### 1. Respondeat superior

Plaintiff was notified in the Cure Order about the applicability of respondeat-superior principles to his case. (ECF No. 8, at 9.) The Court now reviews those principles again.

"A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Est. of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (quotation marks omitted). Still, § 1983 "does not authorize liability under a theory of *respondeat superior*." *Id.* (cleaned up). So, to adequately allege supervisory liability, "[t]he plaintiff . . . must show an 'affirmative link' between the supervisor and the constitutional violation." *Id.* (cleaned up) This means "more than a supervisor's mere knowledge of his subordinate's conduct." *Id.* (cleaned up). "Rather, a plaintiff must satisfy three elements . . . to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind." *Id.* (cleaned up).

The element of causation "requires the plaintiff to show that the defendant's alleged action(s) caused the constitutional violation by setting in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights." *Id.* (cleaned up). Meanwhile, the state-of-mind "element requires the plaintiff to show that the defendant took the alleged actions with the requisite state of mind, which can be no less than the *mens rea* required of the subordinates to commit the underlying constitutional violation." *Id.* at 435 (cleaned up). To establish the culpable-state-of-mind prong, Plaintiff must allege that a defendant acted with deliberate indifference. *Keith v. Koerner*, 843 F.3d 833, 848-49 (10th Cir. 2016). Deliberate indifference requires a higher degree of fault than

negligence, or even gross negligence. *Berry v. Muskogee*, 900 F.2d 1489, 1495-96 (10th Cir. 1990).

"The standard is subjective, requiring that the official actually be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Keith*, 843 F.3d at 848 (cleaned up). To satisfy this standard, Plaintiff must allege facts "showing that [a defendant] knowingly created a substantial risk of constitutional injury." *Schneider v. Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (cleaned up). Inaction, in some cases can be enough--"[a] local government policymaker is deliberately indifferent when he deliberately or consciously fails to act when presented with an obvious risk of constitutional harm which will almost inevitably result in constitutional injury of the type experienced by the plaintiff." *Id.* (cleaned up).

## 2. Grievance denial

Plaintiff was notified in the Cure Order about the applicability of grievance-denial principles to his case. (ECF No. 8, at 5.) The Court now reviews those principles again.

Grievance denial alone, not connected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Walker v. Hickenlooper*, 627 F. App'x 710, 715 (10th Cir. 2015) (unpublished) (stating Tenth Circuit has "squarely held that a prison official's denial of a grievance cannot create liability under § 1983"); *Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 883, 843 (10th Cir. 2004) ("Copying [the warden] with correspondence outlining his complaints about medical care, without more, does not sufficiently implicate the warden under § 1983.").

### C. Defendants to be Dismissed

Plaintiff alleges that Defendants Bennett, Dumont, Green, Paul, Tammy, and Todd breached his constitutional rights against cruel and unusual punishment and unnecessary rigor. (ECF No. 13.) Specifically, he states that when he brought episodes of "inadequate medical treatment . . . to the attention of the medical staff supervisors, Todd, Tammy, and Matthew Dumont, the responses given were, no other relief would be given as the providers' care and recommendation 'meets the community standard of care.'" (*Id.* at 12.) Plaintiff also alleges he "informed supervisors, Captain Green, Captain Bennett, and Matthew Dumont, of the [excessive-force] incident and his injuries sustained, for which a use of force critic was conducted by the supervisors, and the matter was then closed as justified without any relief or remedy offered." (*Id.* at 19.) Plaintiff finally alleges that he "filed numerous grievances informing . . . supervisors, Todd, Tammy, Paul, and Matthew Dumont of the denial of . . . care . . ., all of which were returned to [Plaintiff] without any relief or action." (*Id.* at 14.)

So, under tenets of supervisory liability, to state a valid claim here, Plaintiff must have alleged "personal involvement." *Est. of Booker*, 745 F.3d at 435; *Dodds*, 614 F.3d at 1195. Instead, Plaintiff asserts that Bennett, Dumont, Green, Paul, Tammy, Todd knew of alleged constitutional violations only after they occurred, when he brought them to their attention. Thus, personnel who were supervised by these defendants were allegedly carrying out unconstitutional actions without complying with a policy set by the defendants and without their awareness. Then, Plaintiff must further allege an "affirmative link between the supervisor's conduct and the violation." *Id.* For instance, he must assert that the supervisor "caused the complained of constitutional harm, and . . . acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199. Yet, as set forth above, Plaintiff's sparse

allegations on these points are conclusory at best. For instance, Plaintiff's allegations lead to a conclusion, again, that Bennett, Dumont, Green, Paul, Tammy, Todd were not involved or aware until they reviewed other staff members' past behavior. Meanwhile, the mere contention that a defendant "maintains a position of authority"--even if the defendant "instituted the policy" that caused subordinates' unconstitutional conduct--is "insufficient to plausibly claim both personal participation and deliberate indifference." *Pittman v. Williams*, No. 26808, 2023 U.S. App. LEXIS 26808, at *4-5 (10th Cir. Oct. 10, 2023) (unpublished). There is not an adequately alleged connection between Bennett, Dumont, Green, Paul, Tammy, Todd and the assertedly inadequate medical care Plaintiff received, nor the excessive force he was treated with, by other personnel. *See id.* at *5. Bennett, Dumont, Green, Paul, Tammy, and Todd are only purported to have had awareness after the fact.

Similarly, because grievance denial alone "does not establish personal participation under § 1983," *Gallagher*, 587 F.3d at 1069, any potential grievances of Plaintiff's that were denied by Todd, Tammy, Paul, and Matthew Dumont do not suggest an adequate cause of action against any of those defendants. (ECF No. 13, at 14.)

### D. Conclusion

The above discussion covers all allegations leveled at Defendants Bennett, Dumont, Green, Paul, Tammy, and Todd. On the basis of Plaintiff's failure to sufficiently allege their personal participation, Plaintiff's federal constitutional claims against them are dismissed for failure to state a claim upon which relief may be granted.[5]

---

[5] In the Cure Order, the Court gave Plaintiff information on an "unnecessary rigor" cause of action under the Utah Constitution. (ECF No. 8, at 6-7.) Even so, Plaintiff makes no attempt in the AC to distinguish his allegations of unnecessary rigor from a federal constitutional claim under the Eighth Amendment's Cruel and Unusual Punishment Clause. Plaintiff thus also fails to state a claim of unnecessary rigor against Defendants Bennett, Dumont, Green, Paul, Tammy, and Todd.

### III. CLAIMS WARRANTING FURTHER LITIGATION

The Court concludes that--against the below remaining defendants--Plaintiff appears to have stated a claim upon which relief may be granted.

**A. Salt Lake County**, who shall answer the claim of its creation, or countenancing, of an unconstitutional "'short term' medical care custom [or policy]," supported primarily by the allegations found in the AC's paragraphs 66-67 and 122-26. (ECF No. 13, at 11, 19-20.) Salt Lake County is the ultimate defendant, stemming from Plaintiff's claims against individual defendants in their official capacities. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (holding official-capacity claim functions as claim against governmental entity itself)

**B. Michelle Teasdale**, who shall answer the inadequate-medical-treatment and unnecessary-rigor claims supported primarily by the allegations found in the AC's paragraphs 64, 122-26, 127-35. (ECF No. 13, at 10, 19-21.)

**C. Uaisele Panisi**, who shall answer the inadequate-medical-treatment and unnecessary-rigor claims supported primarily by the allegations found in the AC's paragraphs 68-69, 122-26, and 127-35. (*Id.* at 12, 19-21.)

**D. Doctor Wilcox**, who shall answer the inadequate-medical-treatment and unnecessary-rigor claims supported primarily by the allegations found in the AC's paragraphs 65, 122-26, and 127-35. (*Id.* at 10-11, 19-21.)

**E. Suzanne Skirvin**, who shall answer the excessive force and unnecessary-rigor claims supported primarily by the allegations found in the AC's paragraphs 89, 105, 109-14, and 136-45. (*Id.* at 15, 17-18, 21-22.)

**F. Elias Landau**, who shall answer the excessive force and unnecessary-rigor claims supported primarily by the allegations found in the AC's paragraphs 89, 101-02, 105, 109-14 and 136-45. (*Id.* at 15, 17-18, 21-22.)

**G. Kenneth Garcia**, who shall answer the excessive force and unnecessary-rigor claims supported primarily by the allegations found in the AC's paragraphs 89, 105, 109-14 and 136-45. (*Id.* at 15, 17-18, 21-22.)

The Court requires each of these defendants to answer the AC and follow the litigation schedule set forth below.

## IV. ORDER

Based on the Court's screening of the Amended Complaint, **IT IS ORDERED** as follows:

**A.** For failure to state a claim upon which relief may be granted, Defendants **Dumont**, **Todd**, **Tammy**, **Paul**, **Green**, and **Bennett** are **DISMISSED** with prejudice. (ECF No. 13.) Plaintiff failed to state a claim, even though the Court gave Plaintiff clear instructions (in its Cure Order) explaining the principles of *respondeat superior* and grievance denial. It is apparent to the Court that further opportunity to amend would not lead to a different result.

**B.** Under Federal Rule of Civil Procedure 4(c)(1), the Court requests waiver of service from the following Salt Lake County defendants: **1. Kenneth Garcia**; **2. Elias Landau**; **3. Uaisele Panisi**; **4. Salt Lake County**; **5. Suzanne Skirvin**; **6. Michelle Teasdale**; and **7. Doctor Wilcox**. (ECF No. 13.)

**C.** The Clerk of Court shall mail Notice of a Lawsuit and Request to Waive Service of a Summons, AO form 398; copies of Waiver of the Service of Summons, AO form 399; and

copies of the Amended Complaint, (ECF No. 13), and this Order to Salt Lake County defendants **Garcia**, **Landau**, **Panisi**, **Salt Lake County**, **Skirvin**, **Teasdale**, and **Wilcox**, in care of:

> **Salt Lake County Sheriff's Office**
> **Ms. Carita Lucey**
> **2001 S. State Street, Suite S2700**
> **Salt Lake City, UT 84190.**

  **D.** Defendants are cautioned that Federal Rule of Civil Procedure 4 requires Defendants to cooperate in saving unnecessary costs of service of summons and complaint. Under Rule 4, if Defendants do not waive summons service, after being asked by the Court to do so on Plaintiff's behalf, Defendants must bear service costs unless good cause be shown for not signing and returning the waiver form. If service is waived, this action will proceed as if Defendants had been served on the day the waiver is filed, except that Defendants need not file an answer until **60 days** from the date when the waiver request was sent. *See* Fed. R. Civ. P. 4(d)(3). (This allows more days to respond than would be required if formal summons service is necessary.) Defendants must read the statement at the waiver form's end that more completely describes the party's duties about waiver. If service is waived after the deadline given in the Notice of a Lawsuit and Request to Waive Service of a Summons but before Defendants have been personally served, the Answer shall be due **60 days** from the date on which the request for waiver was sent or **20 days** from the date the waiver form is filed, whichever is later.

  **E.**  If Defendants do not execute waivers, attorney(s) for Defendants must file a notice with reasons for not giving a waiver. A notice is due **30 days** from the date a request was sent.

  **F.** Defendants shall answer the Amended Complaint, (ECF No. 13), observing Federal Rules of Civil Procedure and the following litigation schedule:

> **1.** If Defendant asserts the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendant must,

      **a.** within **60 days** of date of waiver request, file an answer;

      **b.** within **90 days** of filing an answer, prepare and file a *Martinez* report[6] limited to the exhaustion issue; and,

      **c.** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

**2.** If Defendants challenge the complaint's bare allegations, Defendants shall, within **60 days** of date of waiver request, file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

**3.** If Defendants choose not to rely on an exhaustion defense and wants to pierce the complaint's allegations, Defendants must,

      **a.** within **60 days** of date of waiver request, file an answer;

      **b.** within **90 days** of filing an answer, prepare and file a *Martinez* report addressing the complaint's substance; and,

      **c.** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

---

[6] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

    In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

  **4.** If Defendants want to seek relief otherwise contemplated under procedural rules, Defendants must file an appropriate motion within **90 days** of filing an answer.

 **G.** Plaintiff must, within **30 days** of its filing, respond to the *Martinez* report. Plaintiff must expect that *Martinez* reports may "be used for their truth against a plaintiff if the plaintiff has been warned that failing to respond to the *Martinez* report could lead to that result." *Ortiz v. Torgensen*, 857 F. App'x 419, 426-27 (10th Cir. 2021) (unpublished). This is the warning.

 **H.** Plaintiff must, within **30 days** of its filing, respond to a motion to dismiss or summary-judgment motion. For Plaintiff's information and convenience, the Court has attached the procedural rules governing summary-judgment practice.

 **I.** Within **14 days** of filing of Plaintiff's opposition, Defendants shall file a reply brief.

 **J.** Any evidence filed to support the parties' summary-judgment positions must be reviewed by the parties to ensure that **1.** only relevant evidence is submitted (for instance, if filing medical records, ensure that only medical records applicable to the exact claims at issue are filed); and **2.** the numbering on the pages of all evidentiary submissions is clear on each page of each document and matches up to any references in citations to those documents in any summary-judgment motion, response, and reply. If evidentiary documents do not comply with this requirement, the summary-judgment motion, response, or reply, will be struck from the docket, subject to refiling with compliant evidentiary documents.

 **K.** A motion to dismiss or for summary judgment shall be deemed submitted as of the date the reply brief is due. No hearing will be held on a motion unless the Court so orders at a later date.

**L.** When filing their answer or initial response, remaining defendants shall respond to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. (ECF No. 15.)

DATED this 5th day of January, 2026.

BY THE COURT:

JUDGE DALE A. KIMBALL
United States District Court

**Fed Rule of Civil Procedure 56**

Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
**(c) Procedures.**

   **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
    **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
   **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
   **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
   **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
   **(1)** defer considering the motion or deny it;
   **(2)** allow time to obtain affidavits or declarations or to take discovery; or
   **(3)** issue any other appropriate order.
**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
   **(1)** give an opportunity to properly support or address the fact;
   **(2)** consider the fact undisputed for purposes of the motion;
   **(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
   **(4)** issue any other appropriate order.
**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
   **(1)** grant summary judgment for a nonmovant;
   **(2)** grant the motion on grounds not raised by a party; or
   **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.
**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.
**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**DISTRICT OF UTAH LOCAL CIVIL RULE 56-1**
SUMMARY JUDGMENT MOTIONS AND MEMORANDA

**(a) Compliance with DUCivR 7-1.**
A motion for summary judgment, response, and reply must comply with DUCivR 7-1 in addition to the requirements in this rule.
**(b) Motion.**
If a party files more than 1 summary judgment motion at the same time, the court may strike the motions and require that the motions be consolidated into a single motion. A motion for summary judgment must

be titled "Motion for Summary Judgment," be supported by an Appendix of Evidence, as described in 56-1(e), and include the following sections:

    (1) <u>Introduction and Relief Requested</u>. A concise statement of each claim or defense for which summary judgment is sought and a clear statement of the relief requested.

    (2) <u>Background (Optional)</u>. An optional section to provide context for the case, dispute, and motion. If included, this section should be placed between the Introduction and Relief Requested and the Statement of Undisputed Material Facts. The Background need not be limited to undisputed facts and need not cite to evidentiary support.

    (3) <u>Statement of Undisputed Material Facts</u>. A concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law. Only facts necessary to decide the motion should be included in this section. The moving party must cite with particularity the evidence in the Appendix that supports each factual assertion.

    (4) <u>Argument</u>. An explanation for each claim or defense, establishing, under the applicable supporting authority, why the moving party is entitled to judgment as a matter of law. The argument section should include a statement of each claim or defense on which the party is seeking summary judgment and supporting authorities. Any factual references must cite to the Appendix.

**(c) Response**.

A response to a motion for summary judgment may be accompanied by an Appendix of Evidence, if applicable, and must include the following sections.

    (1) <u>Introduction</u>. A concise statement explaining why summary judgment should be denied.

    (2) <u>Background (Optional)</u>. An optional section to provide context for the case, dispute, and motion. If included, this section should be placed between the Introduction and the Response to Statement of Undisputed Material Facts. The Background need not be limited to undisputed facts and need not cite to evidentiary support.

    (3) <u>Response to Statement of Undisputed Material Facts</u>. A party must restate only those specific facts the opposing party contends are genuinely disputed or immaterial, providing a concise statement explaining why the fact is disputed or immaterial, and cite to the evidence used to refute the fact. The responding party should not restate undisputed facts. If a fact is inadmissible, the responding party must object, as provided in DUCivR 7-1(b), rather than move to strike the inadmissible fact. Factual citations must reference the appropriate Appendix.

    (4) <u>Statement of Additional Material Facts (if applicable)</u>. If additional material facts are relevant to show that there is a genuine dispute of material fact, the party must state each additional fact and cite with particularity to the Appendix that contains the supporting evidence. Do not include duplicate copies of evidence already in the record. Instead, the party must cite to evidence in a previously filed Appendix.

    (5) <u>Argument</u>. An explanation for each claim or defense, establishing, under the applicable supporting authority, why summary judgment should be denied. Any factual citations must cite to the appropriate Appendix.

**(d) Reply**.

The moving party may file a reply. In the reply, a party may cite to evidence that was not previously cited only to rebut a claim that a material fact is in dispute. Otherwise, a reply may not contain additional evidence, and, if it does, the court may disregard it.

**(e) Appendix of Evidence**.

    (1) All evidence cited in a motion, response, or reply must be compiled in an appendix. Do not include duplicate copies of evidence already in the record. Instead, the party must cite to evidence in a previously filed Appendix.

    (2) The Appendix must include:

        (A) a captioned, cover-page index that—

            (i) lists each exhibit by number;

            (ii) includes a description or title of the exhibit; and

            (iii) identifies the source of the exhibit;

   (B) complete copies of all exhibits, including deposition transcripts. For lengthy deposition transcripts, the party may submit the relevant pages of the deposition and the 4 pages before and 4 pages after the sections cited. Manuscript transcripts are permitted, unless otherwise ordered by the court.

**(f) Failure to Respond**. If a party fails to timely respond, the court may grant the motion without further notice if the moving party has established that it is entitled to judgment as a matter of law.

**DISTRICT OF UTAH LOCAL CIVIL RULE 7-1**
MOTIONS AND MEMORANDA

**(a) Motion, Response, and Reply**.
  (1) <u>Motion and Memorandum</u>. Except as otherwise allowed by this rule, a motion and memorandum must be contained in the same document and include the following:
   (A) an initial separate section stating succinctly the specific relief sought and the grounds for the relief; and
   (B) a recitation of relevant facts, supporting authority, and argument.
  (2) <u>Exception to the Requirement to Include Facts and Supporting Authority</u>. The requirement to include facts and supporting authority under section 7-1(a)(1)(B) does not apply to the following motions:
   (A) to extend time for the performance of an act, whether required or permitted, if the motion is made before the current deadline expires;
   (B) to continue a hearing or other court proceeding;
   (C) to appoint a next friend or guardian ad litem;
   (D) to substitute a party;
   (E) for a settlement conference;
   (F) for referral to or withdrawal from the court's ADR program; and
   (G) for approval of a stipulation between the parties.
  (3) <u>No Motion Within a Response or Reply</u>. A party may not make a motion, including a motion under Fed. R. Civ. P. 56(d), or a cross-motion in a response or reply. Any motion must be separately filed. A cross-motion may incorporate by reference the arguments contained in a response, if applicable.
  (4) <u>Page and Word Limits and Filing Times</u>. Unless the court orders otherwise or the parties stipulate to shorter requirements, the following apply:
   (A) *Motions Filed Under Fed. R. Civ. P. 12(b), 12(c), or 23(c)*.
    (i) A motion or a response may not exceed 25 pages or 7,750 words.
    (ii) A reply may not exceed 10 pages or 3,100 words.
    (iii) A response to a motion must be filed within 28 days after service of the motion.
    (iv) A reply may be filed within 14 days after service of the response.
   (B) *Motions Filed Under Fed. R. Civ. P. 56(a)*.
    (i) A motion or a response may not exceed 40 pages or 12,400 words.
    (ii) A reply may not exceed 20 pages or 6,200 words.
    (iii) A response to a motion must be filed within 28 days after service of the motion.
    (iv) A reply may be filed within 14 days after service of the response.
   (C) *Motions Filed Under Fed. R. Civ. P. 65*.
    (i) A motion or a response may not exceed 25 pages or 7,750 words.
    (ii) A reply may not exceed 10 pages or 3,100 words.
    (iii) A response to a motion must be filed within 14 days after service of the motion.
    (iv) A reply may be filed within 14 days after service of the response.
   (D) *All Other Motions*.

(i) A motion, response, or reply not specified above may not exceed 10 pages or 3,100 words.

(ii) A response to a motion must be filed within 14 days after service of the motion.

(iii) A reply may be filed within 14 days after service of the response.

(5) <u>Stipulation to Extend Filing Time</u>. Parties seeking to extend the filing time for a response or reply must file a stipulated motion before the filing time has passed. A stipulation to extend a filing time is ineffective without a court order.

(6) <u>Sections Applicable to Page or Word Limits and Certification Requirement</u>.

(A) All headings, citations, quotations, and footnotes count toward the page or word limit.

(B) The caption, face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits do not count toward the page or word limit.

(C) When a document exceeds the page limit, a party must certify at the end of the document that the document complies with the word limit (e.g., "I, [attorney's name], certify that this [name of document] contains [number of words] words and complies with DUCivR 7-1(a)(4).").

(7) <u>Overlength Motion, Response, or Reply</u>.

(A) Unless modified by the assigned judge in a court order or on their "practices and procedures" page on the court website, a party must first obtain a court order authorizing the additional pages or words before filing a motion, response, or reply that exceeds the page or word limits in section 7-1(a)(4). The motion must be filed, and the order obtained, before filing the overlength motion, response, or reply. The motion to exceed the page or word limit must include:

(i) the number of additional pages or words that are needed; and

(ii) a statement of good cause why additional pages or words are needed. (B) An overlength motion, response, or reply must contain a table of contents.

(8) <u>Motion Seeking Relief Similar to Another Party's Motion</u>. Each party seeking relief from the court must file a motion that identifies the relief sought and grounds for the requested relief. A party may incorporate by reference another party's arguments in the party's own motion, if applicable, but filing a "Notice of Joinder" is improper.

(9) <u>Additional Memoranda</u>. Unless otherwise ordered, the court will not consider additional memoranda.

**(b) Motion to Strike Evidence Improper; Evidentiary Objections Permitted**.

(1) A motion to strike evidence offered in another party's motion, response, or reply is improper.

(2) If evidence is offered in a motion or a response, the response or reply may include an objection to the evidence. In exceptional circumstances, the objection may be filed as a separate document simultaneously with the response or reply.

(3) If new evidence is offered in a reply, an evidentiary objection must be filed within 7 days after service of the reply.

(4) A party may file a response to an evidentiary objection at the same time any response or reply is due or no later than 7 days after the objection was filed, whichever is later.

**(c) Supplemental Authority**.

When pertinent and significant authority comes to the attention of a party before the court has entered a decision on a motion, the party may file a Notice of Supplemental Authority, which may not exceed 2 pages.

(1) The notice must contain, without argument, the following:

(A) a reference either to the page of the memorandum or to a point argued orally to which the supplemental authority pertains; and

(B) the reasons why the supplemental authority is relevant.

(2) The court may decide a motion without waiting for a response to the notice. If the court has not ruled on the motion, a party may file a response, which may not exceed 2 pages, within 7 days after service of the notice.

**(d) Supporting Exhibits**.
When evidence is cited in a motion, response, or reply, the relevant portions of the evidence must be attached or filed separately and contemporaneously with the document.
**(e) Proposed Orders**.
    (1) <u>When Required</u>. A party must provide a proposed order when filing a motion under section 7-1(a)(2) of this rule or when the court orders otherwise.
    (2) <u>Filing Procedures</u>. To file a proposed order, a party must:
        (A) attach it as an exhibit to the motion; and
        (B) email an editable copy of the proposed order, copied to other parties or their counsel—
            (i) for motions filed under DUCivR 77-2, to utdecf_clerk@utd.uscourts.gov; and
            (ii) for all other motions, to the assigned judge's chambers.
**(f) Failure to Respond**.
Except as provided in DUCivR 56-1(f), failure to respond timely to a motion may result in the court granting the motion without further notice.
**(g) Oral Arguments on Motions**.
The court may set any motion for oral argument. Otherwise, a party may request oral argument on a motion and must show good cause. If oral argument is not set, the court will determine a motion based upon the parties' written memoranda.
**(h) Summary Judgment**.
This rule and DUCivR 56-1 apply to motions for summary judgment and related memoranda.
**(i) Courtesy Copies**.
The court may require a party to provide courtesy copies as described in the court's ECF Procedures Manual and on the Judge Information section of the court's website.
**(j) Sanctions**.
Failure to comply with the requirements of this rule may result in the court imposing sanctions, including:
    (1) returning the document for resubmission in accord with the rule;
    (2) denial of the motion; or
    (3) any other sanction the court deems appropriate.